HINTERMISTER v. FIRST NATIONAL BANK OF CHITTENANGO.

*Usury — penalty for under National Bank act not recoverable in this State.*

An action by an individual against a national bank located in this State to recover the forfeiture of twice the amount of interest paid upon a usurious loan under the provision of section 30 of the National Banking act, *held* (following *First National Bank of Whitehall* v. *Lamb*, 50 N. Y. 95) not maintainable. *Held*, also, that the act of 1870 (chap. 163) did not give the right to maintain such action.

APPEAL by defendant from a judgment in favor of the plaintiff, rendered at the Madison special term in October, 1872.

The action was brought by Otto J. Hintermister against the defendant, a banking association organized under the National Banking Act of June 3, 1864, to recover under the provisions of the 30th section of that act, twice the amount of interest paid by the plaintiff on a certain loan, and the renewals thereof, made to him by the bank, which were usurious under the federal act and the laws of this State. The court found as facts, that the several transactions, consisting of the loan and various renewals, were usurious and allowed a recovery for twice the amount of interest paid thereupon, under the objection and exception of the defendant's counsel. The plaintiff had judgment for $588.04 and costs, and the defendant appealed.

*D. D. Walrath,* for appellant.

*W. E. Lansing,* for respondent.

COUNTRYMAN, J. The question is whether the penalty imposed by section 30 of the National Banking Act (13 U. S. Statutes at Large, 99, 110) is applicable to contracts made in this State between banking associations organized under the act and other citizens, when such contracts relate exclusively to their own private concerns, and do not involve matters in which the associations may be acting as the agents of the general government. When this case was decided at the special term it had been held in this court that the usury laws of the State had no application to loans or contracts made by the national banks, and that these associations were only subject to the restrictions and amenable to the penalties prescribed in the act of congress. *First National Bank of Whitehall* v. *Lamb*, 57 Barb. 429. But that judgment was afterward reversed and the doctrine repudiated in the Court of Appeals. S. C., 50 N. Y. 95. The precise point involved in that case was whether the usurious contract was governed by the provision of the federal statute, limiting the forfeiture to the interest on the loan, or by the law of the State imposing as the penalty the loss of the entire debt, principal and interest. And it was authoritatively declared that the congressional provision regulating the rate of interest and prescribing the penalties for usury, had no application to the private contracts of national banks, made in this State, and were not intended to have any force except in those States and territories where there is no local legislation on the subject. It is true that the decision did not necessarily involve both of the clauses composing the sentence in the act of congress by which the penalties for usury were imposed, the first clause declaring a forfeiture of the entire interest reserved on the loan, which could not therefore be allowed in an action for the principal, and the second providing for a recovery back of twice the amount of interest which had been paid by the borrower on the contract. But the latter clause of the provision imposing the penalty in question is equally within the reasoning of the court and the principle of the decision. It was held that as the State authority had made full provision on the subject of the rate of interest and the penalties for its violation, the national banks were wholly subject to the local law in all their private dealings with third parties within our jurisdiction, it being the intention of congress in the enactment of the federal statute, to leave " all contracts made in States and territories where usury laws exist to be dealt with according to those laws, and at the same time to impose

restrictions * * in respect to the rate of interest * * in those States and territories where the internal policy is such as to leave the subject of interest on money free from legislative regulations." *First National Bank of Whitehall* v. *Lamb*, 50 N. Y. 100, 101. Now our local statute does contain a precisely similar provision to that in question, and allows an action to be brought by the borrower to recover back any excess he has paid upon the contract above the legal rate of interest. 1 R. S. 772, § 3. The case cited is therefore a direct authority against the right to maintain this action, which is brought to recover the penalty given in the federal statute. We are bound upon a question of this character, by the decision of our highest local court, made after full discussion and mature deliberation, until it is expressly overruled by the supreme tribunal of the nation.

The more recent decision of the Circuit Court of the United States for the southern district of New York, in *Matter of Wild*, 8 Alb. Law Jour. 235, does not conflict with these views. In that case it was held in harmony with the doctrine declared in the Court of Appeals, that the congressional provision prescribing the penalty for usury applied to a contract made in this State, between two corporations, one of which was a national bank; but the decision was placed on the ground that there were no local regulations on the subject of interest, nor penalties prescribed for usury, in cases where the contracts or obligations were made or incurred on behalf of corporations, whether foreign or domestic. Judge WOODRUFF pointedly declined " to express an opinion upon the question whether the forfeiture and right to recover back can, in any circumstances, be applicable to the case mentioned in the previous clause of the section in the act of congress, to wit : when the national bank reserves or receives a greater rate of interest than is allowed by the laws of a State in which a rate is fixed and limited by the State laws," which is the very point involved in the present case.

Nor does the case of *Tiffany* v. *National Bank of Missouri*, 18 Wall. 409, overrule the decision *supra*, of the Court of Appeals. The question here presented does not seem to have been raised or considered in that case, and the decision does not necessarily involve the assertion of the doctrine that the provisions of the federal statute were controlling and conclusive as against the laws of the State. The action was brought under the federal statute to recover back twice the amount of interest paid on a contract made in Mis-

souri, and reserving nine per cent as such interest. It appeared in evidence that the local law limited the State banks to eight per cent, but allowed ten per cent as the general rate of interest. The question was whether the national banks were governed by the special or general rate of interest prescribed by the State, which, according to the opinion of the court, turned on the construction to be given to the first sentence of section 30 of the act of congress, and it was held that they were allowed to take the same rate of interest as natural persons generally in the State, and a higher rate if the State banks were allowed to do so. It did not appear whether the local statute limited the special rate of interest in terms to the banks organized under the laws of the State, and therefore did not include national banks, nor whether there were any penalties prescribed in the local statute for a violation of its provisions. It is true, the case was decided purely on a construction of the federal statute, but as the question here presented was not raised or considered by the court, and as the result reached was a dismissal of the action, the same as if this question had been argued and the point sustained, we cannot regard that case as an authority for the plaintiff.

It is urged that the provisions in question of the act of congress are now in force in this State, even if that act was not *ipso facto* controlling, by virtue of a subsequent act of the legislature approving and adopting them. Laws of 1870, chap. 163. But the latter act is limited in terms to banking associations organized under the local laws and has no application to national banks. And it has been decided by the Court of Appeals since the argument of this case (*Farmers' Bank of Fayetteville* v. *Hale*, MSS. opinion) that the act of 1870 does not change the *status* of the State banks in reference to the laws regulating the rate of interest, and the penalties of usury. The act was merely passed to provide against the inequality temporarily created between the State and national banks by the decision of this court in the case of *National Bank of Whitehall* v. *Lamb*, 57 Barb. 429, before it was reversed in the Court of Appeals (50 N. Y. 95), and the statute became nugatory by its terms with that reversal, and when the occasion for which it provided had passed away.

The judgment of the special term must be reversed, and a new trial granted, costs to abide the event.

*Judgment reversed and new trial granted.*